**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SCOTT M. ALEXANDER,**

Plaintiff,

v. Case No. 1:25-cv-00934-APM

**UNITED STATES, et al.,**

Defendants.

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Introduction**

Defendants' Reply reframes Plaintiff's FY-2023 transparency-based APA case as an attempt to "micromanage" appropriations and executive functions. It also newly leans on a "wrong defendants" theory to defeat traceability/redressability, asserting that 22 U.S.C. § 2394c duties run only to State/FA.gov. Those arguments misstate both the pleadings and the law.

Plaintiff seeks only FY-2023-bounded, APA-limited relief: (i) a declaration that specific FY-2023 publication/reporting duties under 22 U.S.C. § 2394c and 31 U.S.C. § 1351[1][2] were unlawfully withheld or violated; and (ii) a short order compelling the missing FY-2023 publications/records (or a certification of non-existence). No damages and no relief against Congress are sought. The Reply's remaining objections fail for four reasons.

[1] Reply mis-cites 32 U.S.C. § 1351; correct is 31 U.S.C. § 1351

[2] Plaintiff clarifies that the Anti-Deficiency Act spans 31 U.S.C. §§ 1341–1351. A prior reference to 31 U.S.C. § 1553 as part of the ADA was inadvertent; § 1553 is an account-closing provision. Plaintiff proceeds under the APA and §§ 1341 and 1351 (and § 2394c), and cites § 1553 only for the account-closing principle.

**I. Proper Defendants & Traceability: Under § 2394c(b)(4)'s OMB Backstop; State may be added narrowly if the Court deems it necessary.**

Defendants argue § 2394c runs only to State/FA.gov. But § 2394c(b)(4) imposes an OMB-involved backstop when disclosures are not made public: 'the Director of the Office of Management and Budget, in conjunction with the head of the department or agency, shall submit a consolidated report… and submit a plan for making the information publicly available.' 22 U.S.C. § 2394c(b)(4). With USAID co-implementing FA.gov, an order to OMB/USAID (and, if needed, State) is fairly traceable and redressable.

An order directing OMB (and USAID) to discharge § 2394c(b)(4)'s backstop, or to produce a certification if no report exists, fully redresses the informational injury for FY-2023.

If the Court prefers State to be joined for the § 2394c publication claim, Plaintiff alternatively seeks leave to amend under Rule 15(a)(2) solely to add State on that claim, without disturbing briefing or schedules. This is a minimal, non-prejudicial alignment with the Reply's own framing.

**II. Informational Injury Fits Akins: Statutes requiring public disclosure create concrete, redressable harm when the information is withheld.**

Plaintiff alleges denial of specific, congressionally mandated public information for FY-2023: (a) § 2394c foreign-assistance materials on FA.gov; and (b) § 1351 ('head of the agency shall report') ADA violation transmittals (when triggered). The Reply's generalized-grievance rhetoric ignores this Akins-line doctrine. Courts in this District have recently compelled ongoing publication where Congress mandated disclosure, and recognized informational injury when those postings were withheld.

Plaintiff has already noticed controlling transparency cases confirming informational-injury standing and injunctive publication remedies: (1) the D.C. Circuit's Aug. 9, 2025 stay denial in *CREW v. OMB* (apportionments) recognizing that where a statute requires public dissemination, denial produces concrete informational harm; and (2) the July 21, 2025 permanent injunction requiring OMB to restore and maintain public apportionment postings (including footnotes). Those rulings squarely support the proposition that withholding statutorily required postings causes cognizable injury and that courts may compel ongoing publication.

Even if framed procedurally, denying a statutory transparency process tied to concrete outputs (public postings/reports) supports standing; Plaintiff does not rely on generalized taxpayer status.

**III. Discreteness & Reviewability: § 2394c and § 1351 use "shall" and identify who must do what, reviewable under APA § 706(1)/(2).**

Standard. APA § 706(1) authorizes relief for a 'failure to take a discrete agency action that [the agency] is required to take.' The duties here meet both elements: Congress used 'shall' and specified the actors and outputs (§ 2394c postings/OMB consolidated report; § 1351 ADA transmittals).

- § 2394c: Secretary of State must make covered foreign-assistance information publicly available on FA.gov; if not, OMB with the agency head "shall submit" a consolidated report to Congress with a plan to make it public.
- § 1351: If § 1341 is violated, "the head of the agency shall report it to the President and Congress."

These are discrete, compellable publication/reporting obligations, not free-floating policy preferences. They fit APA § 706(1) (unlawfully withheld/unreasonably delayed) and § 706(2)(A),(C) (actions not in accordance with law/in excess of authority). Separately, 31 U.S.C. § 1553 confirms Congress's temporal limits: once an appropriation expires, the account is available to adjust prior lawful obligations, not to incur new obligations, underscoring that statutory publication/reporting predicates must be satisfied in-year.

Defendants' 'no private right of action' refrain is beside the point; Plaintiff proceeds under the APA, which supplies the cause of action to compel unlawful withholding of statutorily required disclosures.

**IV. Remedy Clarification: Narrow, equitable, FY-2023-bounded, mirrors transparency relief already ordered in D.D.C.**

Defendants suggest Plaintiff wants sweeping judicial control of budgeting/foreign aid. Not so. Plaintiff seeks:

1. Declaratory relief that FY-2023 statutory publication/reporting duties under § 2394c/§ 1351 were unlawfully withheld or violated;

2. A short order compelling publication/production of FY-2023 items; and

3. If noncompliance persists, the Court may set a brief report-and-certify maintenance measure (e.g., a short CFO/GC certification) to ensure completion of FY-2023 postings/records, then dissolve the measure once satisfied.

This is the same kind of maintenance-of-publication relief D.D.C. endorsed in the apportionments litigation noticed on Aug. 11[3]. It raises no separation-of-powers problem because it enforces existing statutory duties rather than directing discretionary policy.

**Conclusion**

Plaintiff seeks only FY-2023-bounded, APA-limited relief: (i) a declaration that specific FY-2023 publication/reporting duties under 22 U.S.C. § 2394c and 31 U.S.C. § 1351 were unlawfully withheld or violated; and (ii) a short order compelling the missing FY-2023 publications/records (or a certification of non-existence). No damages and no relief against Congress are sought.

The Court should deny the motion to dismiss, allowing the case to proceed on Plaintiff's APA transparency claims with the clarified, limited relief described above. If the Court prefers State to be added for § 2394c, Plaintiff requests narrow leave to amend for that limited purpose.

Dated: September 28, 2025

Respectfully submitted,

*/s/ Scott M. Alexander*
Scott M. Alexander (pro se)
2 2nd Avenue
Haddon Heights, NJ 08035
856-392-5211
scottalexander@comcast.net

[3] See Citizens for Responsibility & Ethics in Washington v. Office of Mgmt. & Budget, No. 1:25-cv-01051 (D.D.C. July 21, 2025) (permanent injunction requiring OMB to restore and maintain the public apportionments database); Order Denying Stay, Citizens for Responsibility & Ethics in Washington v. Office of Mgmt. & Budget, Nos. 25-5266 & 25-5267 (D.C. Cir. Aug. 9, 2025) (recognizing informational injury and leaving the injunction in place).