UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SCOTT M. ALEXANDER,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 25-cv-00934 (APM) |
| **UNITED STATES GOVERNMENT, et al.,** | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Scott M. Alexander filed this action challenging the United States government's use of taxpayer dollars to fund the allegedly unauthorized Economic Support Fund (ESF). Am. Compl., ECF No. 8, at 3. According to Plaintiff, congressional approval of the ESF expired in 1987, yet the government continues to fund it and, in fiscal year 2023, did so to the tune of roughly $22 billion. *Id.* at 3, 11. Plaintiff on behalf of himself and a putative class seeks to recoup the taxes paid to fund the ESF, which in his individual case amounts to $115.49. *Id.* at 15. He alleges violations of the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7, the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(A)–(B), and the Administrative Procedure Act, 5 U.S.C. § 706. *Id.* at 23, 27–28.

Plaintiff previously brought a nearly identical action in this court in *Alexander v. United States Government* (*Alexander I*), No. 25-cv-788, 2025 WL 858129 (D.D.C. Mar. 19, 2025). The court dismissed that action sua sponte for lack of subject matter jurisdiction because Plaintiff failed to establish taxpayer standing. *Id.* at *1; Order, *Alexander I*, ECF No. 3. Plaintiff acknowledges the court's dismissal of *Alexander I* but now claims that his new complaint "explicitly meets the narrow exception recognized in *Flast v. Cohen*, 392 U.S. 83 (1968)."

Am. Compl. at 9–10.  The court rejected *Flast*'s application in *Alexander I*, *see* 2025 WL 858129, at *1 n.1, and does so again.  In *Flast*, the Court allowed "taxpayers [to] bring an Establishment Clause challenge *only* when they challenge legislation passed pursuant to the Taxing and Spending Clause in Article I, § 8 of the Constitution."  *In re Navy Chaplaincy*, 534 F.3d 756, 761 (D.C. Cir. 2008) (emphasis added), and it has since emphasized that *Flast* is "largely [ ] confined to its facts," *Hein v. Freedom From Religion Found.,* 551 U.S. 587, 609 (2007) (plurality op.).  Here, Plaintiff brings neither an Establishment Clause challenge nor does he allege that the ESF was enacted pursuant to the Taxing and Spending Clause.  He therefore lacks taxpayer standing.

Alternatively, Plaintiff argues that he has suffered informational and procedural injuries because (1) he "lacks information Congress guaranteed for oversight and participation" under the Foreign Aid Transparency and Accountability Act, 22 U.S.C. § 2394c, and the Anti-Deficiency Act, 31 U.S.C. § 1351, and (2) he was unable to "to monitor and comment in real time" on FY 2023 Economic Support Fund spending.  Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 37, at 9.  But Plaintiff fails to explain how those purported injuries are tied to his core allegation that the government continues to make unauthorized ESF expenditures.  Plaintiff thus has not established that his purported non-economic injuries are "fairly traceable to the challenged action of the defendant . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

Because Plaintiff fails to plausibly allege standing, the court grants Defendants' Motion to Dismiss, ECF No. 35, and dismisses this action.  Plaintiffs' various pending motions, ECF Nos. 42–44, 48, are denied as moot.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  January 14, 2026

Amit P. Mehta
United States District Court Judge