UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

SCOTT M. ALEXANDER,

    Plaintiff,

    v.                                            Case No. 1:25-cv-00934-APM

UNITED STATES GOVERNMENT, et al.,

    Defendants.

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

**UNDER FED. R. CIV. P. 59(e)**

**AND MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Scott M. Alexander, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the January 14, 2026 final judgment dismissing this action. The Court's Memorandum Opinion characterizes the case as a taxpayer-refund, putative class action seeking to "recoup the taxes paid to fund the ESF." That framing was not the operative posture at the time of decision, as the docket explicitly reflects. On October 10, 2025, the Court granted, as unopposed, Plaintiff's

motion for leave to file a Supplemental Amendment (Relief-Only) and incorporated exhibits (Minute Order, ECF No. 46 granting ECF No. 30). See Ex. 1. Plaintiff then filed notices clarifying that the operative relief sought is equitable only and FY-2023-bounded, with no class allegations and no monetary relief. In particular, Plaintiff's Notice of Clarification on Relief Scope states: "The purpose of this filing is to ensure the docket reflects the narrowed, equitable relief sought and to avoid any confusion from earlier exhibits that contained broader, now superseded language." See Ex. 2. Plaintiff filed ECF 47 to eliminate any ambiguity created by earlier exhibits; the Court should construe the record consistent with that clarified, equitable-only relief posture.

This misapprehension was outcome-relevant. The Opinion's opening framing channeled the analysis toward taxpayer standing and skewed the Court's traceability and redressability inquiry, instead of addressing Plaintiff's core theory: an informational/procedural injury caused by Defendants' failure to perform discrete, mandatory transparency and reporting duties tied to FY-2023 ESF/Ukraine obligations (including 22 U.S.C. § 2394c public-posting requirements and 31 U.S.C. § 1351 Antideficiency Act reporting). Rule 59(e) relief is warranted to correct this clear error and prevent manifest injustice by restoring the operative relief posture and evaluating standing on the equitable claims and relief actually pressed and briefed.

**BACKGROUND**

1. Defendants moved to dismiss (ECF No. 35). Plaintiff opposed (ECF No. 37) and later filed a sur-reply (ECF No. 42). Those filings expressly framed Plaintiff's standing as an informational/procedural injury arising from Defendants' failure to make

required FY-2023 disclosures and reports concerning ESF/Ukraine spending and to comply with statutory predicates to obligation.

2. On July 21, 2025, Plaintiff moved for leave to file a supplemental amendment narrowing the case to equitable, relief-only remedies. ECF No. 30. On October 10, 2025, the Court granted that motion as unopposed by Minute Order. ECF No. 46. The Minute Order expressly granted leave to file the "Supplemental Amendment to the Complaint (Relief-Only) and Incorporated Exhibits." See Ex. 1.

3. On October 11, 2025, Plaintiff filed a Notice of Clarification on Relief Scope. See Ex. 2. On October 12, 2025, Plaintiff filed a Notice Regarding Operative Relief following grant of ECF 30 and lodged a revised proposed order. See Ex. 3. Those notices make the relief posture unmistakable: equitable relief only, no class claims, and no damages, restitution, disgorgement, or other monetary relief; and they clarify that any earlier language suggesting broader relief is withdrawn and superseded by the relief-only filings and the briefing posture in the Opposition and Sur-Reply.

4. The sequence matters. Defendants filed their Reply on September 26, 2025 (ECF No. 41), and Plaintiff sought leave to file a Sur-Reply on September 28, 2025 (ECF No. 42). The Court then granted the unopposed Relief-Only supplementation on October 10, 2025 (ECF No. 46), and Plaintiff filed the operative relief notices on October 11-12, 2025 (ECF Nos. 47, 49). The Court's January 14, 2026 dismissal did not address those record developments when describing the relief sought and framing standing. That omission was outcome-relevant because it led the Court to assess standing under a

broader, superseded relief frame rather than the narrowed equitable posture reflected in the docket.

**STANDARD OF REVIEW**

Rule 59(e) permits a court to alter or amend a judgment to correct clear error of law or fact, to account for newly discovered evidence, or to prevent manifest injustice. A Rule 59(e) motion is properly granted where the judgment rests on a material misapprehension of the operative record that was outcome-relevant and affected the disposition.

**ARGUMENT**

**I. The Court's standing analysis rests on a material misapprehension of the operative relief posture, which is clear error and manifest injustice because the misapprehension was outcome-relevant to the standing disposition.**

The Memorandum Opinion states that Plaintiff, 'on behalf of himself and a putative class,' seeks to 'recoup the taxes paid to fund the ESF.' See Ex. 6B. By the time of the ruling, however, the docket contained (i) the Court's Minute Order granting leave to file a relief-only supplemental amendment (ECF No. 46), and (ii) Plaintiff's filed notices confirming withdrawal of class allegations and disclaimer of any monetary relief, seeking only declaratory and limited compel relief directed to discrete statutory duties. See Ex. 1-3.

To the extent any earlier filing (including the relief-only text docketed after the Minute Order) contained residual or inartful language referencing class certification or

monetary relief, Plaintiff expressly withdraws and disclaims such relief. Plaintiff seeks only equitable relief, declaratory relief and narrowly tailored compel relief under APA § 706(1) directed to discrete statutory duties, consistent with the relief-scope notices and the briefing posture. See Ex. 2-3. The standing analysis therefore should be conducted on the claims and equitable relief actually pursued.

Rule 59(e) relief is warranted at minimum to ensure the Court evaluates standing against the narrowed relief expressly pressed and preserved in the briefing and clarified on the docket, see Ex. 2, not against any superseded remnants from earlier exhibits.

Standing analysis is claim- and relief-specific. When a court evaluates standing based on relief that is no longer sought, the result is a materially distorted analysis. Here, the Opinion's opening framing pulled the analysis toward taxpayer standing and away from the actual gravamen: informational injury caused by Defendants' failure to provide information Congress required to be publicly posted or reported as a predicate to lawful obligation/expenditure.

**II. Plaintiff's informational and procedural injuries are fairly traceable to Defendants' omissions and redressable by the equitable relief sought.**

The Court rejected Plaintiff's informational/procedural injuries on traceability grounds, reasoning that Plaintiff did not connect those injuries to his "core allegation that the government continues to make unauthorized ESF expenditures." But Plaintiff's filings did connect them: Plaintiff's core allegation is that FY-2023 ESF/Ukraine obligations were unlawful because Defendants failed to satisfy mandatory statutory predicates, including discrete public-posting duties under 22 U.S.C. § 2394c and ADA

reporting duties under 31 U.S.C. § 1351. The challenged agency action is the withholding of required information and reports (agency action unlawfully withheld), and Plaintiff's injury is the resulting deprivation of information Congress required to be public.

Plaintiff's Opposition includes a § 2394c "Core Compliance Snapshot" for FY-2023 ESF/Ukraine and a § 1351 (FY-2023 ADA) discussion identifying specific statutory disclosure/reporting items and explaining why they were mandatory and unmet. See Ex. 4. Plaintiff's Sur-Reply reinforces that the challenged agency action is the withholding of required disclosures and reports (agency action unlawfully withheld), and that the requested relief is narrowly tailored to compel performance of those discrete duties and to obtain declaratory relief, without any request for monetary relief or class relief. See Ex. 5.

Because the Court evaluated traceability as if Plaintiff's informational injuries were an untethered sideline to a damages-oriented appropriations challenge, that framing was outcome-relevant to the Court's traceability analysis, and the court did not squarely analyze Plaintiff's actual claim: APA § 706(1) relief to compel discrete, mandatory transparency/reporting duties and declaratory relief confirming that obligations made without satisfying those predicates are unlawful. To the extent public availability is relevant to redressability, the relief sought operates through the Court's docket: Defendants can produce the responsive materials to Plaintiff and file them on the public docket, subject to legally required redactions or sealing; and, to the extent any items are already posted elsewhere, provide the corresponding URLs.

**III. At minimum, Rule 59(e) relief is warranted to reopen the judgment and permit a conforming relief-only amended pleading.**

Even if the Court concludes that the operative pleading did not sufficiently crystallize the relief-only posture or the withheld-act framing, Rule 59(e) relief is still warranted to prevent manifest injustice. Plaintiff sought, and the Court granted, leave to file a relief-only supplement months before the dismissal. To the extent any ambiguity remains, Plaintiff tenders Ex. A (Proposed Second Amended Complaint, Relief Only), which eliminates any possible misunderstanding about class or monetary relief and pleads the informational injury and discrete § 2394c/§ 1351 withheld duties as the challenged agency action.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court alter or amend the judgment, vacate the dismissal, and reopen this action for further proceedings consistent with the Court's jurisdiction to adjudicate Plaintiff's APA § 706(1) and related equitable claims. In the alternative, Plaintiff requests that the Court reopen the judgment and grant leave to file Ex. A as a conforming Second Amended Complaint (Relief-Only).

**EXHIBITS:**

Ex. 1: Docket extract and Minute Order (ECF No. 46) granting Plaintiff's Motion for Leave to File Supplemental Amendment to the Complaint (Relief-Only) (ECF No. 30) as unopposed.

Ex. 2: Notice of Clarification on Relief Scope (ECF No. 47) (filed Oct. 11, 2025).

Ex. 3: Notice Regarding Operative Relief Following Grant of ECF 30; Lodging Revised Proposed Order (ECF No. 49) (filed Oct. 12, 2025).

149   Ex. 4: Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 37) (excerpted
150   sections addressing 22 U.S.C. § 2394c and 31 U.S.C. § 1351). (filed Sep. 4, 2025)

151   Ex. 5: Plaintiff's Sur-Reply (ECF No. 42) (filed Sep. 28, 2025).

152   Ex. 6A: Order (ECF No. 57) (entered Jan 14, 2026)

153   Ex. 6B: Memorandum Opinion excerpt showing class/refund framing (ECF No. 56)
154   (entered Jan 14, 2026)

155   Ex. 7: Docket excerpt 1:25-cv-00934-APM

156   Ex. A: Proposed Second Amended Complaint (Relief-Only) (submitted with this motion
157   as the conforming pleading).

158

159   Dated: January 16, 2026                                    Respectfully submitted,

160                                                              */s/ Scott M. Alexander*
161                                                              Scott M. Alexander (pro se)
162                                                              2 2nd Avenue
163                                                              Haddon Heights, NJ 08035
164                                                              856-392-5211
165                                                              scottalexander@comcast.net

166

167                            **CERTIFICATE OF SERVICE**

168   I certify that on January 16, 2026, I filed the foregoing via CM/ECF, which sends notice
169   to all counsel of record.

170                                                    */s/ Scott M. Alexander*

8