**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **SCOTT M. ALEXANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-cv-00934 (APM)** |
| | ) | |
| **UNITED STATES GOVERNMENT,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

In a Minute Order entered on February 3, 2026, the court asked Defendants to file a supplemental brief addressing "whether Plaintiff has informational standing to assert Counts I and II of his Conforming Relief-Only Second Amended Complaint." Minute Order, Feb. 3, 2026. The court sought Defendants' position after briefing closed on Plaintiff's Motion to Alter or Amend the Judgment, ECF No. 58. Defendants have filed the requested brief, *see* Defs.' Suppl. Br. in Further Opp'n to Pl.'s Mot. for Recons., ECF No. 63 [hereinafter Defs.' Suppl.], and Plaintiff has submitted a response, *see* Pl.'s Reply to Defs.' Suppl. Br. on Informational Standing (Counts I–II), ECF No. 64 [hereinafter Pl.'s Reply]. Having considered the parties' submissions, the court grants in part and denies in part Plaintiff's Motion to Alter or Amend the Judgment. The court will reinstate Count I but not Count II of the Second Amended Complaint. Plaintiff has established informational standing as to the former but not the latter.

The court starts with Count II. "A plaintiff claiming informational standing suffers a concrete injury if he is denied information that a 'statute entitled him to receive.'" *Am. First Legal Found. v. Greer*, 153 F.4th 1311, 1315 (D.C. Cir. 2015) (citations omitted). The Anti-Deficiency

Act (ADA) provision on which Plaintiff relies in Count II, 31 U.S.C. § 1351, "creates no entitlement to receive information." *Am. First Legal Foun.*, 153 F.4th at 1316; *see* Pl.'s Reply at 6 (seeking disclosure pursuant to § 1351). It requires reporting of ADA violations only to "the President and Congress" and "the Comptroller General," but not to the public. 31 U.S.C. § 1351. Because Plaintiff has not advanced a plausible reading of § 1351 that mandates public disclosure, he lacks informational standing as to Count II. *See Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015).

The court comes out differently as to Count I. "The Supreme Court has made clear . . . that a denial of access to information can work an 'injury in fact' for standing purposes, at least where a statute (on the claimants' reading) requires that the information 'be publicly disclosed' and there 'is no reason to doubt their claim that the information would help them.'" *Ethyl Corp. v. EPA*, 306 F.3d 1144, 1148 (D.C. Cir. 2002) (citation omitted). The statute on which Plaintiff relies in Count I, 22 U.S.C. § 2394c, contains a clear requirement that the State Department make public certain information relating to "covered United States foreign assistance programs." *Id.* § 2394c(a)(1). That satisfies the first element of informational standing. As to the second, the court does not have reason to doubt that the information sought under § 2394c would help Plaintiff. *See* Pl.'s Reply at 4 (asserting that "Plaintiff would use [the information] to detect and document purpose drift/scope creep and to petition oversight bodies (GAO/OMB/Congress) using Congress's chosen transparency mechanism"). He therefore satisfies both elements of informational standing.

Defendants make two non-standing arguments to support dismissal of Count I, neither of which is persuasive. First, they insist that the claim is moot because the Secretary of State has published the statutorily required information on "ForeignAssistance.gov." Defs.' Suppl. at 1–2,

2

7.  But Plaintiff asserts that this publication falls short of what § 2394c demands.  *See* Pl.'s Reply at 5 n.2.  His claim therefore is not moot.[1]  Second, they argue that § 2394c does not provide a private right of action to sue for disclosure.  Defs.' Suppl. at 4–5, 10.  That contention misses the mark, however, because Plaintiff's claim arises under §§ 702 and 706(1) of the Administrative Procedure Act, not § 2394c.

For the foregoing reasons, the court grants in part and denies in part Plaintiff's Motion to Alter or Amend the Judgment, ECF No. 58.  The court vacates the dismissal of Count I of Plaintiff's Conforming Relief-Only Second Amended Complaint.  Defendants shall file their Answer by March 20, 2026.

Dated:  March 6, 2026

Amit P. Mehta
United States District Judge

---

[1] Defendants remain free to reassert mootness at summary judgment based on a full administrative record.