**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**SCOTT M. ALEXANDER,**

Plaintiff,

**v.**                                                    Civil Action No. 1:25-cv-00934 (APM)

**UNITED STATES OF AMERICA, et al.,**

Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION

## FOR EXTENSION OF TIME

Plaintiff respectfully opposes Defendants' second request for an extension of time to answer or otherwise respond to the Conforming Relief-Only Second Amended Complaint.

Defendants have not shown good cause. The Court ordered a response. Defendants received a 45-day extension to provide that response. They did not do so. Instead, they now seek additional time because they are continuing to add information to ForeignAssistance.gov "in the hopes of this matter potentially mooting out."

That is not a basis for delay. It confirms the deficiency at issue.

**I. Defendants Failed to Respond After Receiving a 45-Day Extension**

The Court ordered Defendants to answer or otherwise respond. Defendants requested, and received, a 45-day extension on the representation that additional time was needed to review FY 2023 ESF-Ukraine transactions and related information in order to respond.

They have now had that time.

They have not filed an answer.

Instead, on the day their response is due, Defendants seek an additional 30 days. This is not a routine scheduling matter. It is a second request following a substantial extension already granted for the same purpose.

Defendants should be required to comply with the Court's order and file a response.

**II. Defendants' Current Position Confirms the Deficiency**

Defendants' prior request was based on the need to review transactions and related information to determine compliance. Their current request is based on ongoing efforts to add information to the website.

Those are not the same justification.

Defendants now acknowledge that information is being added to ForeignAssistance.gov in 2026, with more to come, in an effort to address Plaintiff's claim.

That confirms the central point of this case: the required FY 2023 information was not publicly available when it was required to be publicly available.

This case does not turn on what Defendants can assemble now. It turns on what was publicly available then.

**III. Post-Filing Additions Do Not Moot the Injury**

Plaintiff's informational injury occurred when the statutorily required FY 2023 information was not publicly available when required.

Later additions to ForeignAssistance.gov cannot change that fact.

At most, if Defendants eventually provide all required information, that may affect whether the deprivation continues prospectively. It does not eliminate the completed injury, excuse the prior failure, or justify further delay in responding to the Complaint.

Defendants cannot avoid answering by attempting to reconstruct the public record after the fact.

**IV. Defendants Are Attempting to Change the Case Posture Without Answering**

Defendants have not answered the Complaint or taken a position on whether they complied with §2394c. Instead, they seek additional time to continue modifying the contents of ForeignAssistance.gov in an effort to affect the posture of the case.

That is not a substitute for responding to the Court's order.

The proper sequence is straightforward: Defendants should answer or otherwise respond to the operative Complaint. If Defendants believe later website updates affect Plaintiff's claim, they may raise that argument in their response. But they should not be permitted to delay the case further while continuing to alter the public-facing record after the fact.

**V. Defendants Have Not Shown Good Cause for Further Delay**

Defendants' motion rests on ongoing review of transactions, continued additions to the website, and counsel's workload. None constitutes good cause for another 30-day extension.

First, Defendants already received 45 days to conduct whatever review they deemed necessary. They should not receive additional time to continue the same process.

Second, continued website updates are not a reason to delay an answer. That is post-filing supplementation.

Third, workload issues do not justify repeated extensions after the Court has already ordered a response and granted Defendants substantial additional time.

**VI. Further Delay Is Excessive and Prejudicial**

This case has already been significantly delayed.

Defendants previously received extensions totaling over 100 days. The Court then granted an additional 45-day extension for the specific purpose of responding to the Complaint. Defendants now seek another 30 days.

If granted, Defendants will have delayed their response by approximately 75 days beyond the Court-ordered deadline.

That is excessive.

Defendants' position would allow a party to defer answering indefinitely by continuing to supplement the underlying subject matter of the case. That is not consistent with orderly litigation or the Court's directive.

Plaintiff further objects that allowing Defendants to delay their response while modifying the public-facing record risks prejudicing Plaintiff's ability to obtain adjudication of the completed informational injury already recognized by the Court.

**CONCLUSION**

Defendants have not demonstrated good cause for a second extension.

They were ordered to respond. They were given 45 days to do so. They did not respond. They should not be permitted to delay further while attempting to cure after the fact what should have been publicly available years ago.

The motion should be denied.

At minimum, any extension should be limited to a very short period necessary to file an answer.

Dated: May 4, 2026                                      Respectfully submitted,

*/s/ Scott M. Alexander*
Scott M. Alexander (pro se)
2 2nd Avenue
Haddon Heights, NJ 08035
856-392-5211
scottalexander@comcast.net

**CERTIFICATE OF SERVICE**

I certify that on May 4, 2026 I filed the foregoing via CM/ECF, which will notify

all counsel of record.

*/s/ Scott M. Alexander*