UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT M. ALEXANDER,

Plaintiff,

v.

UNITED STATES, et al.,

Defendants.

Civil Action No. 25-0934 (APM)

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated May 18, 2026, the parties submit the following Joint Status Report and their respective proposed schedules for further proceedings.

**Plaintiff's Position:**

Plaintiff respectfully submits that this matter is now appropriate for focused APA merits proceedings concerning Count I of the operative Conforming Relief-Only Second Amended Complaint and the equitable relief identified in Exhibit A thereto.

The live dispute concerns whether the FY 2023 ESF program transparency, accountability, and effectiveness framework established by 22 U.S.C. §2394c functioned as Congress required and whether the challenged FY 2023 ESF program disclosures and obligations satisfy the statutory framework Congress enacted.

Specifically, the remaining disputes include whether Defendants satisfied the mandatory disclosure framework established by §2394c for the FY 2023 ESF program; whether the required information was publicly available when required; whether the disclosures were complete, traceable, and statutorily compliant; whether post-filing additions cure the alleged statutory deficiencies; and whether meaningful equitable relief remains necessary under 5 U.S.C. §706(1).

Plaintiff does not challenge foreign-policy objectives or discretionary policy judgments. Plaintiff challenges whether Congress's mandatory transparency framework for the FY 2023 ESF program was implemented as required by law.

Section 2394c(b)(2)(A) expressly defines the required information categories for covered United States foreign assistance programs. ESF is the covered program at issue in Count I. Section 2394c(b)(2)(A) states that, "to ensure the transparency, accountability, and effectiveness of covered United States foreign assistance programs," the required information "shall include" the categories identified in subsections (i), (ii), and (iii), including strategies, congressional budget justifications, evaluations, summaries, obligations, and expenditures.

Separately, §2394c(b)(1) establishes the required publication granularity by requiring the information to be published on a "detailed basis, such as award-by-award." The "award-by-award" formulation appears in both subsection (A) and subsection (B), applying to both country-level and regional assistance.

Read together, §2394c(b)(2)(A) and §2394c(b)(1) establish a transparency framework in which the mandatory program-level transparency categories identified in §2394c(b)(2)(A) remain meaningfully connected to the detailed disclosure structure required by §2394c(b)(1), which mandates publication on a "detailed basis, such as award-by-award." The statute therefore contemplates that implementation-level awards within covered foreign assistance programs contain sufficient connected detail to permit meaningful transparency, accountability, and evaluability consistent with Congress's stated purposes.

The challenged FY 2023 ESF disclosures and obligations concern the ESF program itself. Awards such as "Macroeconomic Support" are relevant because they reflect the implementation-level award layer within the broader ESF program structure and therefore illustrate whether the

required program-level transparency categories remained meaningfully connected to the detailed disclosure framework Congress required. Plaintiff does not seek creation of a new transparency regime. Plaintiff seeks implementation, completion, verification, and meaningful usability of the transparency architecture Congress already enacted.

Plaintiff further maintains that post-filing additions or revisions do not eliminate the informational injury alleged in Count I and do not automatically resolve the remaining disputes concerning statutory sufficiency, completeness, timing, traceability, or the continued availability of equitable relief. Later-posted materials do not themselves establish statutory compliance absent sufficient completeness, contextual linkage, and meaningful usability within the broader FY 2023 ESF program disclosure framework.

Plaintiff therefore does not agree that Defendants' asserted post-filing website updates moot Count I absent a showing that the materials are complete, timely, traceable, and statutorily compliant.

Plaintiff continues to seek the equitable relief identified in Exhibit A to the operative Conforming Relief-Only Second Amended Complaint, specifically Relief A, Relief B, Relief C, Relief E, and Relief F.

Relief B and Relief C directly implement the mandatory disclosure obligations Congress already established in §2394c. Relief E directly advances Congress's stated goals of transparency, accountability, and effectiveness by requiring identification of the governing legal authority and appropriations framework for the FY 2023 ESF program. Congress appropriates and oversees ESF at the program level through the State, Foreign Operations, and Related Programs appropriations structure, and the downstream transparency materials required by §2394c, including congressional

budget justifications, annual budget documents, evaluations, summaries, obligations, and expenditures, derive their meaning, scope, and context from that governing authority framework.

At a minimum, those materials should remain traceably connected to the governing ESF program authority through sufficient citation, reference, linkage, contextual identification, and certification sufficient to permit both the Court and the public to evaluate whether the challenged FY 2023 ESF program disclosures and obligations align with the governing statutory authority and appropriations framework relied upon by Defendants and enacted by Congress.

Plaintiff therefore proposes that the parties proceed on a focused APA merits schedule directed toward resolving the remaining statutory-compliance, completeness, mootness, and equitable-relief issues rather than further delay associated with continuing post-filing website revisions or additions.

### Plaintiff's Proposed Schedule

1.	Within 14 days, Defendants shall identify and provide the public URLs for all materials they contend satisfy the challenged FY 2023 ESF program disclosure obligations under 22 U.S.C. §2394c that are at issue in Count I, including any strategies, congressional budget justifications, annual budget documents, evaluations, summaries, obligations, expenditures, or related materials.

2.	Within 30 days thereafter, the parties shall file simultaneous opening briefs or cross-motions addressing the remaining statutory-compliance, completeness, mootness, and equitable-relief issues.

3.	Opposition briefs shall be filed 21 days thereafter.

4.	Reply briefs shall be filed 14 days thereafter.

Plaintiff believes this structure will permit efficient resolution of the remaining APA issues while preserving the Court's ability to determine whether Congress's intended transparency,

accountability, and effectiveness framework under §2394c functioned as required for the FY 2023 ESF program.

**Defendants' Position:**

Defendants believe this matter, involving Fiscal Year 2023 ESF disclosures pursuant to 22 U.S.C. § 2394c, should be concluded via a motion to dismiss as moot pursuant to Rule 12(b)(1). Because the information required to be placed on the foreignassistance.gov website has been placed there, this case is now moot. Defendants respectfully propose the following briefing schedule:

1) Defendants to file their motion to dismiss on or before August 3, 2026.

2) Plaintiff to file his opposition on or before August 24, 2026.

3) Defendants to file their reply (if necessary) on or before September 14, 2026.

Because the parties do not agree on the appropriate schedule for further proceedings, the parties respectfully submit their respective proposals for the Court's consideration.

Dated: June 2, 2026

Respectfully submitted,

By:  */s/ Scott M. Alexander*
  SCOTT M. ALEXANDER
  2 2nd Avenue
  Haddon Heights, NJ 08035
  scottalexander@comcast.net
  *Plaintiff, Pro se*

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Thomas W. Duffey*
  THOMAS W. DUFFEY
  Assistant United States Attorney
  601 D Street, NW
  Washington, DC 20530
  (202) 252-2510

*Attorneys for the United States of America*

- 6 -

CERTIFICATE OF SERVICE

I certify that on June 2, 2026, I filed the foregoing via CM/ECF, which will notify all counsel of record.

*/s/ Scott M. Alexander*